CITY OF ST. LOUIS, Plaintiff in Error, v. UNION DAIRY COMPANY.

In Banc, June 26, 1908.

MILK: Illegal Sale. Where defendant was charged with selling "whole milk" in violation of the ordinance prohibiting the sale of "whole milk showing on analysis less than three per cent of butter fat," and the evidence sustains that charge, an order of the trial court quashing the information on the ground that the ordinance was in violation of the statute, which was error, will be reversed on appeal, and the case remanded for new trial.

Error to St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore,* Judge.

REVERSED AND REMANDED.

*Charles W. Bates* and *Charles P. Williams* for plaintiff in error.

*E. F. Stone* for defendant in error.

WOODSON, J.—This is one of a series of four test cases, brought to test the validity of Ordinance No. 20808, known as the Milk Ordinance of the city of St. Louis. It is conceded that plaintiff's statement of the case is correct, and, omitting formal parts, it is as follows:

"This was a prosecution instituted by the city attorney of the city of St. Louis against the defendant in error, to recover a penalty of $100 for the violation of section 18 of Ordinance 20808, approved August 27, 1902. Section 18 of the city ordinance, upon which the prosecution was founded, is as follows:

" 'Section 18. No milk shall be sold, kept, offered or exposed for sale, stored, exchanged, transported, conveyed, carried or delivered, or with such intent as aforesaid be in the care, custody, control or possession of anyone, unless it show on analysis not less than three per cent by weight of butter fat, eight and five-tenths per cent of solids not fat, seven-tenths of one per cent ash, of which fifty per cent shall be insoluble in hot water. Provided, however, that in contested analyses of milk condemned under this ordinance, butter fat shall be estimated gravimetrically by the Adams paper coil process; total solids by evaporation, and non-fatty solids by the difference between total solids and butter fat, and ash by weighing the residue incineration of total solids at a dull red heat until all the organic matter is destroyed. Any one violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars for each and every offense.'

"The information in this case charged that the defendant in error carried and exposed for sale, in the city of St. Louis, milk showing on analysis less than three per centum of butter fat. The defendant in error was fined in the police court and took an appeal to the St.

Louis Court of Criminal Correction. In said last-mentioned court, the defendant filed a motion to quash the information. The court entered judgment sustaining the motion to quash and discharging the defendant upon the fifth ground set out in the said motion to quash, which is as follows: 'Because said ordinance is void as being inconsistent with the statute of this State.' "

After the case had been removed by writ of error to this court, the defendant in error filed a motion to dismiss the writ of error, together with the cause, upon the ground that certain statutes had been enacted which were irreconcilably inconsistent with the further enforcement of the ordinance. The statutes which are invoked to defeat and dismiss this prosecution are as follows:

Session Laws of 1905, page 133, entitled, "Dairy Commissioner—State—Terms, Duties and Powers Defined."

Session Laws of 1907, page 246, entitled "Dairy and Food Commissioner."

Session Laws of 1907, page 238, entitled, "Crimes and Punishments: Adulteration of Foods and Drugs."

The complaint in this case is substantially the same as that filed in the case wherein the city of St. Louis was plaintiff in error and William Klausmeier was defendant in error, and decided at this term, reported *ante,* at page 119.

In that case, as in this, the defendant was charged with the violation of the eighteenth clause of Ordinance No. 20808, which relates to what is known as "whole milk," and the evidence disclosed he was not selling or offering to sell whole milk, but was selling skimmed milk, which was governed by section 22 of the ordinance, and for that reason we held there was a fatal variance between the information and proof, and discharged the defendant. But in this case the proof corresponded to the complaint and showed that defendant

was carrying and exposing for sale "whole milk" which contained less than three per cent of butter fat, in violation of section 18 of said ordinance.

Counsel for defendant make the same contentions and present the same arguments in this case as they presented in the other case against the same defendant. After a careful consideration of that case, we came to the conclusion that those contentions were unsound, and reversed the judgment and remanded the cause for trial. The views expressed in that case are conclusive upon defendant in this case.

We, therefore, reverse the judgment, and remand the cause to be proceeded with in harmony with the views herein expressed.

All concur, except *Valliant, J.,* absent.